UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC DUDLEY,

        Plaintiff,

v.                            Case No.   8:14-cv-1030-T-33TGW

JP MORGAN CHASE BANK, N.A.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte.  On April 28, 2014, Plaintiff Eric Dudley filed a document titled "Notice of Appeal to U.S. District Court of Florida Appellant's Notice of Appeal to the U.S. District Court of Florida due to Errors under Color of Law and Color of Office Pursuant to FRCP 12(b)6(1)(2), 42 USC 1983, 18 USC 241 and 242, 60(b) Petition to Dismiss for Lack of Personal and Subject Matter Jurisdiction Due to Full Settlement of the Accounting by Private Negotiable Debt Instrument, Pursuant to HJR-192 of June 5, 1933, P.L. 73-10 In Consideration of U.S. Constitution Article I, Section 10 Counterclaim." (Doc. # 1 at 1).

In Dudley's submission, which the Court construes as a Complaint, Dudley points to various alleged errors that transpired during the course of his state court foreclosure case.  Among other assertions, Dudley argues: "no original

promissory note was filed in the court to show proof of claim of ownership of the property. A copy of the Mortgage instrument is not a negotiable instrument. Hence, because the bank undoubtedly sold the original the debt is dead and the mortgage is settled. There is no contract and no mortgage. This fact was ignored or omitted by the lower courts." (Doc. # 1 at 2). Dudley also claims that "the attorney(s) for the Bank failed to state a claim under oath but instead presented hearsay information which is unlawful pursuant to FRCP RULE 802, 12(b)6." (Id.). Dudley has attached a number of state court documents to his pleading, including a Final Judgment of foreclosure in favor of JP Morgan Chase Bank National Association. (Doc. # 1-1 at 14).

Construing Dudley's submission liberally due to his pro se status, the Court reaches the inescapable conclusion that Dudley's action is due to be dismissed. Although Dudley references several federal statutes, such as 42 U.S.C. § 1983, the Court's review of the documents reveals that Dudley seeks to appeal the decision of a state court tribunal in a foreclosure case.[1] However, the federal district courts do

---

[1] A mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax

2

not sit in an appellate capacity to review state court decisions. If Dudley is dissatisfied with a state court decision, the appropriate forum for review is the state appellate court. This Court has no power to review a state court decision. See Sitton v. United States, 413 F.2d 1386, 1389 (5th Cir. 1969)("The jurisdiction possessed by the District Courts of the United States is strictly original. A federal district court has no original jurisdiction to reverse or modify the judgment of a state court. Federal courts have no authority to act as an appellate arm of the state courts."); Harper v. Chase Manhattan Bank, 138 F. App'x 130 (11th Cir. 2005)("Under the Rooker-Feldman abstention doctrine, it is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision.").

Having determined that the Court lacks jurisdiction over this case and cannot grant the relief Dudley requests, the Court dismisses the case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

---

Bd. of Cal. v. Constr. Laborors Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991). In this case, the Complaint does not identify any federal issue upon which the Court could predicate the exercise of its federal question jurisdiction.

3

(1)   This case is dismissed.

(2)   The Clerk is directed to **Close the Case.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of May, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

4