```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
                   DIVISION
```

ERIC DUDLEY,

        Plaintiff,

v.                     Case No. 8:14-cv-1030-T-33TGW

JP MORGAN CHASE BANK, N.A,

        Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff Eric Dudley's May 20, 2014, "Petition/Motion for Reargument or En Banc of Appeal to the Honorable U.S. District Court of Florida" (Doc. # 5), which the Court construes as a Motion for Reconsideration. For the reasons that follow, the Court denies the Motion.

**I.  Legal Standard**

    Federal Rule of Civil Procedure 59(e) governs the present Motion for Reconsideration. Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse

its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.

Further, as explained in <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11. (citation omitted).

**II. <u>Analysis</u>**

On May 1, 2014, the Court dismissed Dudley's construed pro se Complaint for lack of subject matter jurisdiction.

(Doc. # 2).[1]  In that Order, the Court evaluated Dudley's Complaint and the attachments thereto and came to the conclusion that Dudley sought appellate relief in this Court with respect to state court foreclosure proceedings. For instance, in Dudley's Complaint, Dudley pointed to various alleged errors that transpired during the course of his state court foreclosure case, including the assertion that "no original promissory note was filed in the court to show proof of claim of ownership of the property.  A copy of the Mortgage instrument is not a negotiable instrument.  Hence, because the bank undoubtedly sold the original the debt is dead and the mortgage is settled. There is no contract and no mortgage. This fact was ignored or omitted by the lower courts." (Doc. # 1 at 2).  Dudley also claimed in the Complaint that "the attorney(s) for the Bank failed to state a claim under oath but instead presented hearsay information which is unlawful pursuant to FRCP RULE 802, 12(b)6." (<u>Id.</u>).

---

[1] The document that the Court construed as Dudley's Complaint was titled: "Notice of Appeal to U.S. District Court of Florida Appellant's Notice of Appeal to the U.S. District Court of Florida due to Errors under Color of Law and Color of Office Pursuant to FRCP 12(b)6(1)(2), 42 USC 1983, 18 USC 241 and 242, 60(b) Petition to Dismiss for Lack of Personal and Subject Matter Jurisdiction Due to Full Settlement of the Accounting by Private Negotiable Debt Instrument, Pursuant to HJR-192 of June 5, 1933, P.L. 73-10 In Consideration of U.S. Constitution Article I, Section 10 Counterclaim." (Doc. # 1).

-3-

Although Dudley referenced several federal statutes in the Complaint, such as 42 U.S.C. § 1983, the Court found that Dudley sought to appeal the decision of a state court tribunal.[2] In dismissing the case, the Court explained that the federal district courts do not sit in an appellate capacity to review state court decisions. See Sitton v. United States, 413 F.2d 1386, 1389 (5th Cir. 1969)("The jurisdiction possessed by the District Courts of the United States is strictly original. A federal district court has no original jurisdiction to reverse or modify the judgment of a state court. Federal courts have no authority to act as an appellate arm of the state courts."); Harper v. Chase Manhattan Bank, 138 F. App'x 130, 132 (11th Cir. 2005)("Under the Rooker-Feldman abstention doctrine, it is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision.").

At this juncture, Dudley seeks an Order reconsidering the dismissal of his Complaint. However, Dudley has not

---

[2] A mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991). In this case, the Complaint does not identify any federal issue upon which the Court could predicate the exercise of its federal question jurisdiction.

-4-

identified an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.  Instead, Dudley attempts to relitigate issues already decided by this Court.

Dudley suggests that the "Court has jurisdiction to deal with matters of the People;" but further indicates: "The Honorable Court is petitioned to Dismiss the Case in favor of the Appellant for lack of personal/subject matter jurisdiction, pursuant to FRCP 12(b)6(1)(2).  The Bank has failed to state a claim upon which relief can be granted." (Doc. # 5 at 2).  This statement in the Motion for Reconsideration, among other statements, demonstrates that Dudley is seeking appellate relief in this Court regarding a state court case brought by JP Morgan Chase Bank.[3]  As the Court does not have jurisdiction to review state court decisions, the Motion for Reconsideration is denied.  The Court did not have jurisdiction over the Complaint when the case was filed, and nothing in the Motion for Reconsideration persuades the Court that the requirements of subject matter jurisdiction have been satisfied.

Accordingly, it is hereby

---

[3] It is also notable that Dudley describes himself as "Attorney-in-fact for the Appellant" in the signature block of the Motion for Reconsideration. (Doc. # 5 at 3).

-5-

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Eric Dudley's "Petition/Motion for Reargument or En Banc of Appeal to the Honorable U.S. District Court of Florida" (Doc. # 5) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record